
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JOHN ANTHONY SALOMON, | No. 14-60032 |
| Debtor, | BAP No. 13-1181 |
| _____ | |
| MATTHEW TYE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| JOHN ANTHONY SALOMON, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Matthew Tye appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order denying his motion to extend time to file a notice of appeal. We have jurisdiction under 28 U.S.C. § 158(d). We independently review the bankruptcy court's decision without deference to the BAP. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). We review for abuse of discretion a decision to grant or deny a motion for an extension of time to file a notice of appeal. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion in denying Tye's motion to extend time to file his notice of appeal, where the bankruptcy court applied the correct legal standard to well-supported findings of fact in determining that Tye failed to show excusable neglect. *See* Fed. R. Bankr. P. 8002(d)(1)(B) (time to file a notice of appeal may be extended upon a showing of excusable neglect); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (an excusable neglect determination must take into account "all relevant circumstances surrounding the party's omission," including: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.). Contrary to Tye's

14-60032

contentions, the bankruptcy court did not disregard his reasons for the delay in filing his notice of appeal.

We reject Tye's contentions that the bankruptcy court misstated the record.

**AFFIRMED.**